## CANAVAN v. INTERURBAN ST. RY. CO.

### (Supreme Court, Appellate Term.   March 24, 1904.)

1. STREET RAILROADS—PILLARS IN STREET—DUTY OF CONDUCTOR—NEGLIGENCE.

A street car conductor is bound to take notice of the distance between his car and the pillars of an elevated railroad in the street, and of the size of a passenger standing on the running board, in determining whether it is safe to permit the car to pass a pillar before the passenger has had time to enter the car; but it is not necessarily negligence in every case to allow the car to pass the pillar while a passenger is standing on the running board.

2. SAME.

A street railway company is not bound to anticipate that a passenger standing on the running board of an open car will swing back so as to come in contact with a pillar of an elevated railroad sufficiently distant to permit the passenger, standing in the position first assumed by him, to pass it in safety, though the passenger found such movement convenient in order to swing himself more easily up into the car.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by John Canavan against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Henry W. Goddard and William E. Weaver, for appellant.

Black, Olcott, Gruber & Bonynge (Irving L. Ernst and Arthur D. Harnden, of counsel), for respondent.

SCOTT, J. The pleadings were written, and the plaintiff's cause of action was carefully stated in his complaint. The negligence was charged in the following language:

"That while the plaintiff was in the act of boarding said car aforesaid in a careful manner, and after he had put both feet on the running board of the car leading to said car, and was about to place one foot on the car, but before he had an opportunity to step into the car, the agent, servants, and employés of the defendant, who were then in control and operation of said car, negligently and carelessly, and in utter disregard of the plaintiff's position with respect to said car, started said car forward suddenly with a jerk, so that the plaintiff was thrown with great violence from said car, so that he collided with an upright pillar or post of the Manhattan Elevated Railroad Company, and thereupon fell to the ground with great violence."

In an earlier paragraph the complaint stated that the car had come to a stop when he boarded it. The fair and reasonable meaning of the allegation above quoted is that by reason of the jerk with which the car was started plaintiff was thrown from the car, and that in falling he struck the pillar. The evidence does not sustain this allegation. On the contrary, it appears that the car ran at least 30 or 35 feet before plaintiff fell, and that his fall was not occasioned by the manner in which the car was started, but by his collision with the elevated railway pillar. He himself says that he was on the running board, with both hands firmly grasping the stanchions, and that he did not let go with either hand until he struck the pillar. Even if

the complaint has accurately stated the accident as it was testified to, it is not easy to see wherein the defendant is chargeable with negligence. The car remained stationary long enough to enable plaintiff to get safely on the running board. It does not appear how far the elevated railway pillars were from the side of the car, and it does appear that plaintiff was a very large and stout man. We think that the conductor was bound to take notice of the distance between the pillars and the car, and of plaintiff's size, and to exercise reasonable judgment in determining whether, taking these two factors into consideration, it was safe to start the car past a pillar before plaintiff had entered the car; but we are not prepared to hold that it was necessarily negligent to start a car before every passenger had passed from the running board into the car. We are referred to no case in which it has been held that the mere fact that a passenger was on the running board of an open car when the car was started constituted negligence. Doubtless, under certain circumstances, it might be negligence, and one of those cases probably would be presented if the passenger was so large that there was not room enough for his body between the car and an elevated railway pillar. That, however, was not this case. That there was room is conclusively shown by the fact that the car, with the plaintiff on the running board, safely passed one pillar; the accident happening at the second. What caused the accident, as the plaintiff himself testifies, is that he swung back just as he reached the pillar. It may be that the plaintiff found this movement convenient in order to swing himself more easily up in to the car, but we do not think that the defendant was bound to anticipate and guard against such a contingency as this. Although the plaintiff was a stout man, his bulk was not abnormal nor unusual, and it is not the result of common experience that people in stepping upwards swing their bodies backwards. The defendant had given plaintiff time to get safely upon the car, in a position where he could ride safely unless he did some act (as he did do) not to be expected or foreseen. It was not, in our opinion, negligent not to foresee it or guard against it.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.